IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:19CR228 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY INGRAM, | ) | NOTICE OF INTENT TO |
| | ) | USE RULE 404(b) EVIDENCE |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Peter E. Daly and Aaron P. Howell, Assistant United States Attorneys, and respectfully submits its Notice of Intent to Use Rule 404(b) Evidence.

For the reasons set forth in the attached brief, the United States respectfully requests that the Court admit the proposed evidence of other acts.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:  */s/ Peter E. Daly*
Peter E. Daly (OH 0084745)
Assistant United States Attorney
2 South Main Street
Akron, Ohio 44308
Phone: (330) 761-0529
Fax:  (330) 375-5492
Peter.Daly@usdoj.gov

# BRIEF IN SUPPORT OF THE GOVERNMENT'S
# NOTICE OF INTENT TO USE EVIDENCE UNDER RULE 404(b)

Charges in the Indictment

The two-count Indictment charges Defendant Anthony Ingram with kidnapping, in violation of Title 18, United States Code, Section 1201(a)(1); and Obstruction of Justice, in violation of Title 18, United States Code, Section 1512(c)(1).

Rule 404(b) Notice

The defense has had knowledge of this 404(b) evidence since August 1, 2019, via an electronic copy of the report documenting the forensic analysis of Defendant's cellular phone. By email the same day, counsel for the government made specific note of the evidence for defense counsel's review.

Introduction and Summary

The United States respectfully moves the Court to admit the other acts evidence described herein, pursuant to Rule 404(b), and Rule 401, because it is relevant and properly admissible to prove Defendant's intent in committing the kidnapping offense charged in Count One.

A balancing of the evidence, in the context of this case and the anticipated defenses, demonstrates that the probative value of this evidence substantially outweighs any prejudice to the defendant. Fed. R. Evid. 403; *See also, United States v. Holloway*, 740 F.2d 1373, 1377 (6th Cir. 1984).

The United States further requests that the Court instruct the jury on the proper and limited use of such evidence. A proposed jury instruction is attached hereto and made a part hereof. The government respectfully requests that the Court give this instruction, both at the time the evidence is introduced and again during the final jury charge. *See generally, United States v. Pollard*, 778 F.2d 1177 (6th Cir. 1985).

Moreover, the government respectfully requests that the Court make an express finding on the record that the probative value of the evidence outweighs any possible prejudicial effect. *Id*.

Synopsis of the Facts

The government anticipates that the evidence at trial will show that on or about August 10, 2019, the victim in this case accepted a ride in Defendant's semi-trailer truck under false pretenses of being taken from Michigan to the victim's car in Indiana. Defendant instead drove the victim to Ohio and subsequently raped her in the cab of his truck while threatening her with what was determined to be a BB gun.

Investigators discovered the proposed other acts evidence while reviewing a forensic analysis of Defendant's cellular phone. In doing so, they found that between July 2, 2018, and August 9, 2018, there were up to 118 internet searches and up to 160 website visits conducted on the phone which related to pornography involving rape, kidnapping, and forcible sexual conduct. For example, the items included terms and phrases such as "rape," "forced gangrape," "violent," "Young Brunette Kidnapped & Forced," "Innocent Teen Forced at Gunpoint," and "chloroform videos."

Anticipated Defenses

The government anticipates that the Defendant will deny that he committed any act against the victim's will, and that he engaged in consensual sexual conduct with the victim. The proposed other acts evidence is directly probative of Defendant's specific intent to hold the victim for the purpose of sexually assaulting her, which is an element of the kidnapping offense with which he is charged.

The Evidence Is Admissible Under Rule 404(b)

Rule 404(b) of the Federal Rules of Evidence permits the introduction of evidence of other crimes, wrongs, or acts to establish, inter alia, "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Before admitting evidence of other crimes, wrongs, or acts, the district court must determine that the evidence is admissible for a proper purpose and that the probative value of the evidence outweighs its potential prejudicial effects. *United States v. Ismail*, 756 F.2d 1253, 1259 (6th Cir. 1985); *see also, United States v.Dabish*, 708 F.2d 240, 242 (6th Cir. 1983) (*per curiam*).

In the case at bar, conviction of the Defendant on the kidnapping charge in Count One requires proof that Defendant (1) unlawfully and willfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away the victim, (2) held the victim for the purpose of committing a sexual assault against her, and (3) in committing the offense, willfully transported the victim in interstate commerce or used an instrumentality of interstate commerce. 18 U.S.C. § 1201(a)(1).

Therefore, the Rule 404(b) evidence that the government will offer at trial is admissible for proper purposes. Such evidence is probative of Defendant's specific intent to hold the victim for the purposes of committing a sexual assault against her.

Admittedly, Rule 404(b) evidence usually has prejudicial aspects. Consequently, a balancing test between Rule 403 interests must be applied. Under Rule 403, the defendant must demonstrate that the probative value of the proffered evidence "is substantially outweighed by the prejudicial effect." *United States v. Hatfield*, 815 F.2d at 1073 [*emphasis in original*]. *See also United States v. Metzger*, 778 F.2d 1195, 1206 (6th Cir. 1985) (broad discretion in trial court's balancing of Rule 403 interests), *cert. denied*, 444 U.S. 862 (1979).

In fact, the Sixth Circuit, in *United States v. Brady*, 595 F.2d 359, 361 (6th Cir.), cert. denied, 444 U.S. 862 (1979), held that the evidence should be viewed "in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect."

Rule 404(b) is a rule of inclusion rather than exclusion. *United States v. Bakke*, 942 F.2d 977, 981 (6th Cir. 1991), cert. denied, 114 S.Ct. 2114 (1994); *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985). The legislative history of the rules further suggests that there be a greater emphasis on the admissibility of such evidence, rather than on exclusion. *United States v. Czarnicki*, 552 F.2d 698, 702 (6th Cir. 1977).

A trial judge is accorded "broad discretion" in determining the admissibility of other acts evidence. *United States v. Rodriguez*, 882 F.2d 1059, 1064 (6th Cir. 1989); *United States v. Acosta-Cazares*, 878 F.2d 945, 948 (6th Cir.), *cert. denied*, 110 S.Ct. 255 (1989); *United States v. Vance*, 871 F.2d 572, 576 (6th Cir.), cert. denied, 110 S.Ct. 323 (1989); *United States v. Black*, 776 F.2d 1321, 1328 (6th Cir. 1985); *United States v. Fraser*, 709 F.2d 1556, 1559 (6th Cir. 1983); *United States v. Vincent*, 681 F.2d 462, 465 (6th Cir. 1982).

Conclusion

When the Rule 404(b) evidence is considered along with the facts of this case, and the anticipated defenses raised, in light of the crime charged, its probative value outweighs any potential for prejudicial effects. This is particular apparent when the evidence is viewed "in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect," the standard mandated by the Sixth Circuit in *United States v. Brady*, 595 F.3d at 361.

This evidence is not offered to prove character. It is offered to prove Defendant's intent in committing the kidnapping offense with which he is charged. The evidence is relevant, highly probative, and crucial to rebut any claims by the Defendant of a lack of intent to commit a sexual assault or of consent on the part of the victim.

Wherefore, the United States respectfully requests that the Court admit the similar acts evidence, pursuant to Rule 404(b), of the Federal Rules of Evidence.

                              Respectfully submitted,
                              JUSTIN E. HERDMAN
                              United State Attorney

By:          /s/ Peter E. Daly
               Peter E. Daly (OH 0084745)
               Assistant United States Attorney
               2 South Main Street
               Akron, Ohio 44308
               Phone: (330) 761-0529
               Fax:  (330) 375-5492
               Peter.Daly@usdoj.gov

ATTACHMENT

**OTHER ACTS OF DEFENDANT**

<u>Charge</u>:

(1) You have heard testimony that the defendant committed [crimes, acts, wrongs] other than the ones charged in the Indictment. If you find the defendant did those [crimes, acts, wrongs], you can consider the evidence only as it relates to the government's claim on the defendant's [intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, absence of accident]. You must not consider it for any other purpose.

(2) Remember that the defendant is on trial here only for kidnapping and obstruction of justice, not for the other acts. Do not return guilty verdicts unless the government proves the crimes charged in the Indictment beyond a reasonable doubt.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, 2019 Edition, Section 7.13

**CERTIFICATE OF SERVICE**

      I certify that on September 26, 2019, a copy of the foregoing Government's Notice of Intent to Use 404(b) Evidence was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

      /s/ Peter E. Daly
      Peter E. Daly
      Assistant United States Attorney