IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 5:19CR00228 |
|     Plaintiff | * | |
| -vs- | * | JUDGE SARA LIOI |
| ANTHONY INGRAM | * | |
|     Defendant | * | DEFENDANT'S RESPONSE TO GOVERNMENT'S NOTICE OF INTENT (R. #20) AND THE GOVERNMENT'S MOTION IN LIMINE (R. #21); DEFENDANT'S MOTION TO SUPPRESS SAME |
| | * | |
| | * | |
| * * * | | |

Now comes the Defendant, Anthony Ingram, by and through undersigned counsel, who offers the following response to the government's Notice of Intent to Use 404(b) Evidence (R. #20) and the government's Motion in Limine (R. #21), all for the reasons set forth below.

    Respectfully submitted,

    */S/ LAWRENCE J. WHITNEY*
    LAWRENCE J. WHITNEY #0023738
    LAWRENCE J. WHITNEY CO., L.P.A.
    Attorney for Defendant
    137 South Main Street, Suite 201
    Akron, Ohio 44308
    330-253-7171
    330-253-7174 fax
    burdon-merlitti@neo.rr.com

MEMORANDUM IN SUPPORT

The government asks that his Court admit evidence taken from Defendant's phone. The evidence sought to be admitted is evidence that between July 2, 2018 and August 9, 2018, there were many internet searches and website visits which related to pornography, rape, kidnapping

and forcible sexual conduct.  The government seeks to offer this evidence as 404(b) other acts evidence (R. #20) or as res gestae evidence (R. #21).  It is Defendant's position that this evidence is not properly admitted under either theory and should be suppressed and or its introduction be limited.

OTHER ACTS EVIDENCE 404(b)

In this case, the government's stated purpose in proposing this evidence is that the evidence is "probative of defendant's specific intent to hold the victim for the purposes of committing a sexual assault against her." (R. #20, Gov't's Brief, PageID #62).

It is clear that evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion.  Evid.R.404(a).

The Sixth Circuit has held that the use of prior criminal acts are admissible.  *U.S. v. Denton*, 336 F.2d 785 (6th Cir. 1964).  To begin with, the acts the government proposes to admit here are not prior criminal acts.  However, evidence of a defendant's prior bad acts must be substantially similar and reasonably near in time to the charged offense.  *U.S. v. Blankenship*, 775 F.2d 738, 730 (6th Cir. 1985).  What is "substantially similar"?  Even if relevant, the evidence is subject to a "prejudice v. probative" weighing process.  The government relies on *U.S. v. Brady*, 595 F.2d 359 (6th Cir. 1979) stating that the evidence should be viewed in a light most favorable to its proponent maximizing its probative value and minimizing its prejudicial effect.  However, a careful reading of Brady does not lead to a conclusion that one must minimize and maximize as much as one must assign a true value to the probative and prejudicial effects of the evidence.  Here, the true nature of the prejudice is easy to discern.  It is extremely prejudicial. The discovery indicates that the alleged victim describes a violent act.  She stated she was forced to the back of the interior of the truck, and fought over her phone.  She was struck

on the left side of her face with an open hand.  Oral and vaginal intercourse was forced.  After the rape she and the Defendant continued on the turnpike.  It is interesting to note that there were no apparent visible signs of injury, only minor scratches to her right thigh.  In another interview she indicated that Defendant stuck a gun to her face and stomach.  She admitted she did not hurt the Defendant nor did she ask the Defendant to pull over and let her out.

This is not a state kidnapping violation.  The gist of the federal kidnapping statutes, 18 U.S.C. § 1201(a)(1) states:

> Whoever . . . kidnaps . . . any person when the person is willfully transported in interstate . . . or travels in interstate . . . commerce . . . in committing is in furtherance of the commission of the offense.

In essence:

1. Unlawfully and willfully kidnap
2. For the purpose of committing a sexual offense
3. Transport in interstate commerce

See Indictment (R. #1, Count 1, PageID #1.  The specific intent of the kidnapping must be for the purpose of committing a sexual assault while traveling in interstate commerce.  The kidnapping must be for the specific purpose of the sexual assault.  That is how the court must judge the relevance of this other act evidence.  What is the probative value of this evidence regarding that specific intent?  According to the alleged victim, she was not a minor, this was not a gang rape, chloraform force was not used.  What do these websites have to offer regarding the specific intent (i.e. rape) of the kidnapping in Count 1?  Then, when one weighs that probative value against the huge prejudicial effect of the evidence's introduction, the prejudice must outweigh the probative.  This is really character attach, not evidence:

> A legitimate component of that weighing process is the trial court's informed judgment whether despite the technical admissibility of the other acts evidence the jurors are more likely than not to use the evidence for the very purpose for which the first sentence of the rule states that it may not be used.

3

*U.S. v. Johnson*, 27 F.2d 1186, 1183 (6th Cir. 1994). Here, the prejudicial impact of this evidence far outweighs any real probative value.

MOTION IN LIMINE

For its second bite at the apple, the government asserts that the proposed evidence is admissible as circumstantial evidence of the crime. Such evidence, according to the government, is relevant to the specific purpose of sexually assaulting an alleged victim, i.e. the evidence shows Defendant's state of mind at the time he committed the acts. As such, the evidence is admissible as res gestae.

Defendant believes that clearly the proposed evidence is not res gestae. In *U.S. v. Hardy*, 728, 745 (6th Cir. 2000), the Sixth Circuit stated that the:

> "background circumstances exception to the general exclusion of other act evidence is not an open-ended basis to admit any and all other acts evidence the proponent wishes to introduce. Rather the very definition of what constitutions background evidence contains inherent limitation . . . background or res gestae evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense.

The evidence must have a causal, temporal or specific connection with the charged offense, is a prelude, directly probative and arising from the same events. When the acts occurred at different times or under different circumstances from the charged offense, the acts are deemed extrinsic and Rule 404(b) is impacted. *Hardy*, supra at 748; *U.S. v. Torres*, 685 F.2d 921, 924 (5th Cir. 1982).

Res gestae evidence and 404(b) evidence are subject to the weighing process required by Evid. R. 403. *U.S. v. Churn*, 800. F.3d 768, 779 (6th Cir. 2015).

4

Here, how can it be said that the proffered evidence is directly probative and arises form the same events?  Even if the Court feels that somehow the evidence is intrinsic to this case, the weighing process firmly establishes that the probative value is outweighed by the prejudice, all for the same reasons discussed above relative to the 404(b) evidence.  That weighing process, in either the 404(b) argument made by the government or the res gestae argument made by the government, indicates that the prejudicial nature of the evidence highly outweighs any probative value.

Accordingly, Defendant asks that this Court suppress and or limit the introduction of the other acts evidence or what the government calls res gestae evidence in this case.

/S/ LAWRENCE J. WHITNEY
LAWRENCE J. WHITNEY
Attorney for Defendant

PROOF OF SERVICE

I hereby certify that on October 1, 2019, a copy of the foregoing Defendant's Response to the Government's Notice of Intent (R. #20) and the Government's Motion in Limine (R. #21); Defendant's Motion to Suppress was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/S/ LAWRENCE J. WHITNEY
LAWRENCE J. WHITNEY
Attorney for Defendant